Filed 6/21/24  P. v. O.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082035 |
| v. | (Super.Ct.No. FELSB23000026) |
| O.S., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

A trial court sustained a Welfare and Institutions Code[1] section 6500 petition, finding that defendant and appellant O.S. was a developmentally disabled person, within the meaning of section 6509. The court thereby committed him to the State Department of Developmental Services for one year.

Defendant filed a timely notice of appeal. We affirm.

## PROCEDURAL BACKGROUND

On or about March 19, 2019, defendant was charged by felony complaint with two counts of committing a lewd act on a child who is 14 or 15 years old (Pen. Code, § 288, subd. (c)(1), counts 1 & 3) and false imprisonment (Pen. Code, § 236, count 2).

On June 14, 2019, defendant was found incompetent to stand trial and was committed to Patton State Hospital and admitted on August 28, 2019. After evaluating defendant, the Medical Director of State Hospitals at Patton filed a certificate of competency on February 27, 2020, finding that defendant was able to understand the nature of the criminal proceedings and aid in his defense. On November 2, 2020, the trial court found defendant competent to stand trial and reinstated the criminal proceedings.

In March 2021, another doubt was raised regarding defendant's competence to stand trial, and the court ordered Inland Regional Center (IRC) to conduct an eligibility evaluation. On May 19, 2021, defendant was found eligible for IRC services based on a diagnosis of mild intellectual disability. On December 7, 2021, defendant was committed

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

2

to Porterville Development Center (PDC), pursuant to Penal Code sections 1370.1[2] and 1370.4.[3] On November 3, 2022, a senior psychologist at PDC filed a report with the court concluding that defendant remained incompetent to stand trial and that there appeared to be a "fair to poor likelihood of restoration to competence in the foreseeable future."

On February 6, 2023, the IRC requested that a petition pursuant to section 6500 be filed on behalf of defendant for a commitment to PDC for one year. The IRC attached a certificate of developmental disabilities and dangerousness, signed by two psychologists, certifying that defendant was developmentally disabled and a danger to himself and/or others.

On February 9, 2023, the district attorney filed a petition for commitment as a developmentally disabled person pursuant to section 6500 (the petition), asking the court for an order committing defendant to the State Department of Developmental Services for placement in a developmental center or community facility.

The court held a trial on the petition on May 22, 2023. The parties submitted several exhibits, including reports and evaluations from the IRC and PDC, as evidence.

---

[2] Penal Code section 1370.1, subdivision (a)(1)(B) provides: "If the defendant is found mentally incompetent and has been determined by a regional center to have a developmental disability, the trial or judgment shall be suspended until the defendant becomes mentally competent."

[3] Penal Code section 1370.4 essentially provides that "[i]f, in the evaluation ordered by the court under Section 1370.1, the regional center director, or a designee, is of the opinion that the defendant is not a danger to the health and safety of others while on outpatient treatment . . . the court may order the defendant to undergo outpatient treatment."

The trial was continued to July 31, 2023. After hearing argument from counsel, the court took the matter under submission. On August 24, 2023, the court sustained the petition and committed defendant to the Department of Developmental Services for one year.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and two potential arguable issues: (1) whether there was sufficient evidence to sustain the section 6500 petition; and (2) whether defendant's waiver of the right to a jury trial was adequate. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106 we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                           J.


We concur:

McKINSTER
            Acting P. J.

RAPHAEL
            J.